UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRACY BARBER,

                                  Plaintiff,

                                                                    1:11-CV-0526
v.                                                                     (GTS/RFT)

UNITED STATES of AMERICA,

                                  Defendant.
_____

APPEARANCES:

TRACY BARBER,
  Plaintiff, *Pro Se*
189 Pearl Street
Corning, New York 14830

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM-DECISION and ORDER**

      Currently before the Court in this *pro se* civil rights action filed by Tracy Barber ("Plaintiff") is United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that this action be dismissed unless Plaintiff files an Amended Complaint that states a claim upon which relief can be granted. (Dkt. No. 3.) No objection to the Report-Recommendation has been filed, and the time in which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety' and Plaintiff's Complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless, within thirty (30) days from the date of this Decision and Order, she files an Amended Complaint that state a claim upon which relief can be granted.

I.      **RELEVANT BACKGROUND**

    A.      **Plaintiff's Complaint**

On May 9, 2011, Plaintiff filed her Complaint in this action. (Dkt. No. 1.) Construed with the utmost of special liberality, Plaintiff Complaint appears to attempt to assert one or more claims of gender discrimination against the federal government (and perhaps "county and state government agencies") arising from (1) the denial of "opportunities and . . . services for housing, healthcare, grant [sic], loan [sic], equal employment, financial assistance for student [sic]," in 2009 and/or 2010, and (2) the failure of various courts (specifically, the New York State Court of Claims and the United States Court of Appeals for the Second Circuit) to rectify these denials, in 2011 (*Id.*) However, as Magistrate Judge Treece states in his Report-Recommendation, "the Complaint is, at best, disjointed and confusing." (Dkt. No. 3.) For example, it is unlcear precisely who is being sued in this action. (*See generally* Dkt. No. 1.) Indeed, as Magistrate Judge Treece states, "the body of the Complaint is devoid of any factual allegation against a specific Defendant by which this Court can assess any wrongdoing." (Dkt. No. 3.) Nor is there a clear request for relief in the Complaint. (*See generally* Dkt. No. 1.) As Magistrate Judge Treece states, "the documents attached to the Complaint do little to clarify what relief Plaintiff is seeking and on what basis." (Dkt. No. 3.)

For a more detailed recitation of Plaintiff's claims, and the factual allegations in support of those claims, the Court refers the reader to the Complaint in its entirety. (Dkt. No. 1.)

    B.      **Magistrate Judge Treece's Report-Recommendation**

On May 20, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending that (1) Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and (2) Plaintiff be afforded

an opportunity to amend her Complaint to cure the above-described pleading deficiencies.  (Dkt. No. 3.)  Plaintiff did not submit an objection to the Report-Recommendation and the time in which to do so has expired.  (*See generally* Docket Sheet.)

## II.     STANDARD OF REVIEW

### A.     Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See 28 U.S.C. § 636(b)(1)(C).[1]  When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]

---

[1]     On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]     *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B.**    **Standard of Review Governing a Dismissal Pursuant to 28 U.S.C. §§ 1915(e) and 1915(A)**

Because Plaintiff has filed an application to proceed *in forma pauperis*, the Court must address the sufficiency of the allegations that Plaintiff has set forth in her Complaint in light of 28 U.S.C. § 1915(e)(2)(B). This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that– . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Magistrate Judge Treece correctly recited the legal standard governing a dismissal for failure to state a claim upon which relief may be granted, the Court need not repeat that legal standard. (Dkt. No. 3.) Rather, this standard is incorporated by reference in this Decision and Order.

**III.**    **ANALYSIS**

As an initial matter, because Plaintiff has not filed an Objection to the Report-Recommendation, the Court need review the Report-Recommendation for only clear error for the reasons explained above in Part II.A. of this Decision and Order.

After doing so, the Court can find no error in the Report-Recommendation, clear or otherwise. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court would add only that Magistrate Judge Treece's thorough and correct Report-Recommendation would survive even a *de novo* review.

In the event that Plaintiff wishes to file an Amended Complaint, which shall supersede and replace in its entirety her original Complaint, the Court offers the following guidance. First, the Amended Complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit, and must bear the case number assigned to this action. Second, the Amended Complaint must also clearly state the nature of the suit and the basis for this Court's jurisdiction. Third, the body of Plaintiff's Amended Complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct, (ii) the date on which such misconduct occurred, (iii) the names of each and every individual who participated in such misconduct, (iv) where appropriate, the location where the alleged misconduct occurred, and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights. Fourth, Plaintiff's Amended Complaint must assert claims against each and every Defendant named in that Amended Complaint; any Defendant not named in that Amended Complaint shall not be a Defendant in this action. Fifth, no portion of Plaintiff's original Complaint shall be incorporated by reference in her Amended Complaint. Plaintiff shall state in the single Amended Complaint all claims that she wishes this Court to

consider as a basis for awarding her relief herein.  Sixth, and finally, <u>her failure to file such an Amended Complaint will result in dismissal of this action without further Order of the Court</u>.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 3) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that this action shall be *sua sponte* **<u>DISMISSED</u>** pursuant to 28 U.S.C. § 1915(e)(2)(B) unless, within **THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an Amended Complaint that states a claim upon which relief can be granted, in compliance with this Decision and Order.

Dated: July 14, 2011
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge