**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TRACY BARBER,

                         Plaintiff,

    - v -                                              Civ. No. 1:11-CV-526
                                                              (GTS/RFT)

UNITED STATES OF AMERICA,

                        Defendant.

**APPEARANCES:**                          **OF COUNSEL:**

TRACY BARBER
Plaintiff, *Pro Se*
189 Pearl Street
Corning, New York 14830

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

On May 9, 2011, *pro se* Plaintiff Tracy Barber initiated this action with the filing of a Complaint. Dkt. No. 1, Compl. He also filed a Motion for Leave to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2. On May 20, 2011, after reviewing Plaintiff's Complaint and IFP Application, this Court issued a Report-Recommendation and Order. Dkt. No. 3. Therein, we granted Plaintiff's Motion for IFP, but in light of the lack of clarity in the Complaint, recommended that the District Judge dismiss the Complaint *sua sponte*. *Id*. However, in light of his *pro se* status, we further recommended that Plaintiff be afforded an opportunity to amend his Complaint prior to outright dismissal. *Id*. On July 15, 2011, the Honorable Glenn T. Suddaby, United States District Judge, accepted and adopted those recommendations in its entirety and directed Plaintiff to file an amended complaint in order to avoid dismissal pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

Thereafter, on July 25, 2011, Plaintiff filed an Amended Complaint, as well as a renewed Motion for Leave to Proceed IFP. Dkt. No. 5, Am. Compl.; Dkt. No. 6, IFP Mot.

Turning first to Plaintiff's renewed Motion for IFP, we note that in our initial Report-Recommendation and Order, we granted Plaintiff's initial application for IFP status. Dkt. No. 3. Thus, Plaintiff's renewed request is **denied** as moot.

Next, we address Plaintiff's Amended Complaint. Within both this Court's Report-Recommendation and Order and Judge Suddaby's Memorandum-Decision and Order, Plaintiff was provided with guidance as to what an amended complaint should include in order to survive the Court's initial review. Specifically, we advised Plaintiff that an amended complaint

> must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Dkt. No. 3 at p. 4 (emphasis in original).

Judge Suddaby reiterated this guidance as follows:

> In the event that Plaintiff wishes to file an Amended Complaint, which shall supersede and replace in its entirety [his] original Complaint, the Court offers the following guidance. First, the Amended Complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit, and must bear the case number assigned to this action. Second, the Amended Complaint must also clearly state the nature of the suit and the basis for this Court's jurisdiction. Third, the body of Plaintiff's Amended Complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that [his] civil and/or constitutional rights were

> violated by more than one Defendant, or on more than one occasion, [he] should include a corresponding number of paragraphs in [his] amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct, (ii) the date on which such misconduct occurred, (iii) the names of each and every individual who participated in such misconduct, (iv) where appropriate, the location where the alleged misconduct occurred, and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights. Fourth, Plaintiff's Amended Complaint must assert claims against each and every Defendant named in that Amended Complaint; any Defendant not named in that Amended Complaint shall not be a Defendant in this action. Fifth, no portion of Plaintiff's original Complaint shall be incorporated by reference in [his] Amended Complaint. Plaintiff shall state in the single Amended Complaint all claims that [he] wishes this Court to consider as a basis for awarding [him] relief herein. Sixth, and finally, [his] failure to file such an Amended Complaint will result in dismissal of this action without further Order of the Court.

Dkt. No. 4 at pp. 5-6.

After reviewing the Amended Complaint, we find that Plaintiff did not cure the deficiencies in the prior pleading, nor did he follow either Judges' guidance with regard to the drafting of the Amended Complaint. First and foremost, the caption of the Amended Complaint only contains the United States of America as a Defendant, yet no where in the body of the Complaint are there any allegations by which this Court can deduce the basis for jurisdiction and liability over this Defendant. Second, the body of Plaintiff's Amended Complaint is just as vague as his first pleading in that it is unclear what, if any, is the precise jurisdiction of this Court to entertain his action, who the individual offenders are, what actions they committed, what rights were violated, and what, if any, relief is being sought. Such a pleading puts far too great a burden on any purported Defendant to defend against. Because Plaintiff failed to remedy the grave infirmities of the original Complaint, we must recommend that the District Judge outright dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted.[1]

---

[1] Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous
(continued...)

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's renewed Motion to Proceed with this Action *In Forma Pauperis*, (Dkt. No. 6) is **denied** as moot in light of this Court's prior grant of such relief; and it is further

**RECOMMENDED**, that this action be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim upon which relief could be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOUTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   August 10, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

---

[1](...continued)
or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).