UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRACY BARBER,

                              Plaintiff,

                                                                           1:11-CV-0526
v.                                                                           (GTS/RFT)

UNITED STATES of AMERICA,

                              Defendant.
_____

APPEARANCES:                                                       OF COUNSEL:

TRACY BARBER
  Plaintiff, *Pro Se*
189 Pearl Street
Corning, New York 14830

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

        Currently before the Court, in this *pro se* civil rights action filed by Tracy Barber ("Plaintiff") against the United States of America ("Defendant"), are the following: (1) Plaintiff's Amended Complaint (Dkt. No. 5); and (3) United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed in its entirety (Dkt. No. 8). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Amended Complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    RELEVANT BACKGROUND**

        Plaintiff filed his Complaint on May 9, 2011. (Dkt. No. 1.) On July 15, 2011, this Court issued a Decision and Order that *sua sponte* dismissed the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), unless, within 30 days from the date of that Order, Plaintiff filed an Amended

Complaint that states a claim upon which relief can be granted.  (Dkt. No. 4.)  In that Decision and Order, the Court provided Plaintiff with specific guidance on filing an Amended Complaint.  (*Id*.)

On July 25, 2011, Plaintiff submitted an Amended Complaint.  (Dkt. No. 5.)  On August 10, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief could be granted.  (Dkt. No. 8.)  In support of his recommendation, Magistrate Judge Treece found, among other things, as follows: (1) Plaintiff failed to allege any facts in the body of his Amended Complaint regarding Defendant such that it would be possible for the Court to deduce a basis for jurisdiction and liability over this Defendant; and (2) Plaintiff's vague allegations do not plausibly suggest what, if any, is the precise source of the Court's jurisdiction over this action, who the individual offenders are, what actions they committed, what rights were violated, and what, if any, relief is being sought.  (*See generally* Dkt. No. 8.)

On August 15, 2011, Plaintiff filed an Objection to the Report-Recommendation.  (Dkt. No. 9.)  In his one-paragraph Objection, Plaintiff does not address any of the grounds for dismissal outlined in Magistrate Judge Treece's Report-Recommendation.  (*Id*.)  Rather, Plaintiff appears to argue that the clerk of the Court erred in not appointing him counsel after his Complaint was filed, an error which the Court of Appeals must now correct.  (*Id*.)

## II.   STANDARD OF REVIEW

### A.   Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in

---

evidentiary hearing is required.").

[3]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.     Standard of Review Governing a Dismissal Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)

In its Decision and Order of July 15, 2011, the Court previously recited the legal standard governing a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. No. 4.) As a result, this standard is incorporated by reference in this Decision and Order.

## III.   ANALYSIS

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically address Magistrate Judge Treece's recommendations. As a result, and for the reasons explained in Part II.A of this Decision and Order, the Court need review the Report-Recommendation only for clear error.

After doing so, the Court can find no error in the Report-Recommendation, clear or otherwise. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, Magistrate Judge Treece's Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

The Court would add only two points. First, the Report-Recommendation would survive even a *de novo* review. Second, to the extent Plaintiff's Objections may be liberally construed as constituting a motion for appointment of counsel, that motion is denied for three alternative reasons. First, the motion fails to comply with the Local Rules of this Court. Second, having dismissed the Amended Complaint, it would be futile to appoint counsel. Third, because Plaintiff has failed to allege any facts that provide the Court with even a basic understanding of the relief that he is requesting, the person or persons against whom that relief is sought, and/or

why this Court has jurisdiction to consider the action, the Court cannot determine whether appointment of counsel is warranted.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: October 24, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge